411 So.2d 1216 (1982)
STATE of Louisiana in the Interest of Frank A. RUSCHEL.
No. 12596.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
*1217 Harry F. Connick, Dist. Atty., Orleans Parish by Paul G. Mayoral and Michael T. McGuckin, Asst. Dist. Attys., Juvenile Division, New Orleans, for State.
Arnold & Giepert, Melvin J. Giepert, New Orleans, for appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
This matter is before this Court on appeal from a judgment of the Orleans Parish Juvenile Court, wherein the defendant child, Frank A. Ruschel, and two co-defendants were found guilty of two counts of aggravated battery. The defendants were adjudicated delinquent. Frank A. Ruschel was sentenced to serve six months in the custody of the Department of Corrections. Only Frank A. Ruschel appeals the judgment of his sentence.
The record reflects that on the night of October 18, 1980, the victims, Gary Savage and Mark Morgan, were brutally attacked, without provocation, by a group of youths, as they stood outside the Aurora Mall Cinema, located at 4100 General DeGaulle Boulevard. Following the incident, the juveniles, Frank A. Ruschel, James Parker, and Timmy Isreal were arrested in the immediate vicinity of the crime and were charged with its perpetration.
By way of alibi, defendant Ruschel testified that he was not involved in the fight. He stated that when the fight began he left the area and went to Funland. He testified that the reason he left was because he had been in trouble before and was advised by his attorney and probation officer to leave whenever there was trouble.
The defendant's testimony was refuted by the victims and three eye witnesses to the incident. The victim, Gary Savage, testified that he distinctly remembered being struck by defendant Ruschel. Mark Morgan, the second victim, testified that he saw defendant Ruschel hit him and his companion, Gary Savage. An eye witness to the incident, A. J. Hernandez, manager of the Aurora Mall Cinema, testified that he saw Ruschel kick at Mark Morgan and kick Gary Savage. The female companions of the victims, Denise Caswell and Kelly Claudell, testified that they witnessed defendant Ruschel strike, hit and kick Mark Morgan. Miss Caswell further testified that none of the co-defendants attempted to stop the attack.
On appeal, the defendant contends that the trial court erred in convicting him as charged, because the state failed to prove all the elements of the crime beyond a reasonable doubt.
The United States Supreme Court has held that the State must prove a juvenile's guilt beyond a reasonable doubt in order to prevail in the adjudicatory stage of a delinquency proceeding. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
In the case at Bar, defendant is charged with the crime of aggravated battery. "Aggravated Battery" is defined as "a battery committed with a dangerous weapon." R.S. 14:34. The term "dangerous weapon" includes any gas, liquid or substance or instrumentality, which in the manner used is calculated or likely to produce death or great bodily harm. R.S. 14:2(3). Thus, a "dangerous weapon" is not limited to those instrumentalities which are inherently dangerous, but includes any instrumentality which, in the manner in which it is used, is calculated or likely to produce death or great bodily harm. State v. Bonier, 367 So.2d 824, (La., 1979). This Court is satisfied that a steel toed/heeled boot is a "dangerous weapon" within the context of the aggravated battery statute, when the boot is used to kick a victim, with the purpose of causing great bodily harm.
The defendant argues that since there is no evidence to indicate that he wore the boots or struck anyone with a steel toed/heeled boot, that he cannot be guilty of aggravated battery. We do not agree.
One may be guilty as a principal to a crime if he directly commits the act constituting the offense, aids and abets its commission, or directly or indirectly counsels or *1218 procures another to commit the crime, whether he is present or absent. R.S. 14:23-24. The law will impose criminal liability upon a principal for the same reason it imposed such liability upon a co-conspirator; that is, because both of these inchoate offenses are directed at persons who knowingly participate in planning or executing the crime. R.S. 14:24. State v. Knowles, 392 So.2d 651 (La., 1980), rev. other grounds, 395 So.2d 678.
In considering the criminal liability of the defendants the trial court stated.
* * * * * *
We have already heard the trial and I have been satisfied that the evidence was such as to implicate your son James Parker with the other two Timmy Isreal and Frank Ruschel.
We have carefully reviewed the record in this matter and we are convinced, as was the trial judge, of the defendant's involvement in the attack upon Gary Savage and Mark Morgan. The direct evidence presented by the three eye witnesses to the crime satisfies us that the State proved beyond a reasonable doubt the involvement of defendant Frank Ruschel in the commission of the crime.
There is direct evidence of the use of a boot in the attack upon Gary Savage and Mark Morgan. Gary Savage testified that he was kicked in the face with a work boot during the incident of October 18, 1980. The victim, Mark Morgan, testified that he was kicked in the ribs with a boot during the incident. Thus, the evidence, taken as a whole, convinces this Court that the guilt of Frank Ruschel, as principal to the crime of aggravated battery, was proven beyond a reasonable doubt. There is no error in the judgment of the trial court.
Defendant, Frank Ruschel, argues that the trial court erred in sentencing him to six months in the custody of the Department of Corrections. The defendant reasons that there was no showing that the welfare or safety of the public or of himself was threatened. He relies upon Code of Juvenile Procedure Article 86. The mentioned article reads as follows:

Article 86 of the Code of Juvenile Procedure
The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safe-guarded without such removal. (Emphasis Supplied)
At the dispositional hearing, the trial judge made the following pronouncements before sentencing this defendant, Frank Ruschel:
THE COURT:
James Parker, some people may consider this incident just as a brawl, a fight between friends, amongst friends, but this is not the kind of juvenile prank or mischievous behavior that I think is typical of teenagers when a bunch of guys jump two innocent individualsand, I say innocent because from all the testimony that I heard, they did not do anything on this evening to precipitate this altercation but were merely going to purchase tickets for a movie and were jumped by a bunch of others who may have been younger than them but certainly were outnumbered. `We can't look upon this as something light or just mischievous, particularly, in light of what happened to the victims. One was out of work; one has lost his job as a result of missing work.' We're talking about persons being injured. We're talking about individual human beings who have certain rights to go about freely without fear of being molested, and in this particular case, being injured. So, I have not looked upon this matter very lightly from the very beginning of the trial. I hope nobody else has considered it lightly either because of juveniles being involved and because of the seriousness of the injuries to these victims.
*1219 As reflected in the reasoning of the trial court, the crime of aggravated battery is a crime of violence, which was committed against two members of the general public.
Moreover, the record reveals that at the time of the commission of the crime in question, this defendant was on probation as the result of an adjudication wherein he was found guilty of burglary. This Court is convinced that the removal of this juvenile was mandated for the protection of the public. The trial judge did not err in committing Frank A. Ruschel to the custody of the Department of Corrections for six months.
For the reasons assigned the judgment of adjudication and the disposition of this matter by the Juvenile Court for the Parish of Orleans are affirmed.
AFFIRMED.