SEXTON, Judge.
This defendant appeals a sentence of 1 year at hard labor subsequent to a plea of guilty to distribution of marijuana.[1] The defendant was also originally charged with *457 distribution of methaqualone. However, chemical analysis confirmed that the tablet which was alleged to be methaqualone contained no controlled dangerous substance. We affirm.
The defendant’s sole contention on appeal is that the sentence imposed is excessive, arguing that the trial judge failed to consider LSA-C.Cr.P. Art. 893[2] and the mitigating factors of LSA-C.Cr.P. Art. 894.1.
In sentencing the defendant, the trial judge noted that the defendant had no adult or felony record but did have a juvenile record. He commented that her problems were due to her station in life, and “because of her father’s position.” He also stated that in imposing the 1 year at hard labor he considered her age, her involvement in the drug culture, and her disregard for “norms of society.”
While the trial judge is not required to articulate every aggravating and mitigating circumstance of LSA-C.Cr.P. Art. 894.1, the record must reflect that those guidelines were adequately considered in particularizing the sentence to the defendant. State v. Duncan, 420 So.2d 1105 (La.1982); State v. Howard, 414 So.2d 1210 (La.1982). We have no difficulty determining that the trial judge’s reasons for sentencing in this cause were inadequate.
However, we do not remand for re-sentencing as we are of the view that the record in this cause provides a sufficient basis for the sentence imposed. Even if compliance with LSA-C.Cr.P. Art. 894.1 is inadequate, if the record provides an adequate basis for the sentence imposed, remand is not necessary. State v. Landos, 419 So.2d 475 (La.1982); State v. Boatright, 406 So.2d 163 (La.1981).
This record indicates that the defendant met an undercover agent at a parking lot and sold him a “lid” of marijuana for $70.00. In addition, the defendant advised the agent that she had some quaaludes for sale for $5.00 a tablet, one of which was purchased by the agent. It is thus obvious that this defendant was in the business of selling marijuana. This was a “commercial transaction,” i.e. it was apparently a prearranged “meet” and a sale at a retail price. The defendant also sold what she obviously thought was another controlled dangerous substance. Even though the laboratory analysis indicated no dangerous drugs in the supposed quaalude, that tablet was marked in the fashion of a pharmaceutical quaalude. The defendant thus sold a counterfeit controlled dangerous substance, which is also a felony. LSA-R.S. 40:971.1.
Furthermore, the presentence investigation indicates that this 25 year old defendant had been involved in the drug culture for a number of years, had rejected authority as a juvenile, had been involved in a domestic shooting scrape and was living with a man who had a dubious reputation.
Even absent the fact that the defendant appears to be a poor candidate for probation, the nature of the transaction itself indicates that she was, or intended to be, a “street level” dealer of multiple dangerous substances for profit. This in itself, in our judgment, places the sentence imposed well within the discretion of the trial judge.
The sentence appealed from is affirmed.
AFFIRMED.
NORRIS, J., dissents and assigns written reasons.

. The maximum term of confinement for which is 10 years at hard labor. LSA-R.S. 40:964 and LSA-R.S. 40:966 A & B(2).

. LSA-C.Cr.P. Art. 893 A provides that:
When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Lawi of Louisiana, noncapital felony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law and in either case place the defendant on probation under the supervision of the division of probation and parole supervision. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.