454 So.2d 1147 (1984)
STATE of Louisiana
v.
Robert A. GARLEPIED.
No. KA 1612.
Court of Appeal of Louisiana, Fourth Circuit.
July 6, 1984.
Rehearing Denied September 27, 1984.
*1148 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for the State.
C. Michael Winters, New Orleans, for defendant.
Before REDMANN, C.J., and GARRISON and BARRY, JJ.
REDMANN, Chief Judge.
This appeal from a conviction of carrying by a felon of a concealed weapon, La.R.S. 14:95.1, argues unconstitutional search; issues arising from the wording of the statute and the bill of information; and prejudicial evidence of the nature of his prior conviction. We conclude the search was lawful, that the statute is not vague in our context, that the information is not defective because of surplus words, and that no undue prejudice occurred from the evidence of the nature of the prior conviction.
A New Orleans police officer, working in uniform on a privately-paid assignment in a nightclub, observed the outline of a large knife-like object in defendant's left front pants pocket, and therefore asked defendant if he was carrying a weapon. When defendant answered yes, the officer patted him down and found two switchblade knives (the second in defendant's sock). Defendant was charged under R.S. 14:95.1 because previously convicted of attempted second degree murder.
At a suppression hearing, defendant and three witnesses testified that the officer patted defendant's pocket prior to speaking with defendant. Defendant further testified that when asked if he was carrying a weapon he answered no.
Defendant's first assignment of error is the trial judge's refusal to suppress the two switchblade knives as evidence, arguing that (on the basis of defendant's evidence) they were obtained by an unlawful search.
Evidently the trial judge did not believe defendant and his witnesses, but believed the police officer instead. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for the factual conclusion notwithstanding that other witnesses testify to the contrary; and an appellate court is not in a position in such a case to say that the trier of fact erred in believing the one witness rather than the several. We therefore must accept the trial judge's credibility evaluation in this case. See State v. Dunbar, 356 So.2d 956 (La. 1978); State v. Robinson, 386 So.2d 1374 (La.1980).
On the basis of that credibility evaluation and the sufficiency of the police officer's testimony, the trial judge correctly refused to suppress the two switchblade knives as evidence.
Defendant's assignment two contends that the trial court erred in refusing to quash the bill of information because the statute is vague in failing to provide a definition of "weapon," thereby requiring importation of wording from some other statute, and the information is vague because it contains wording from another statute.
We respond that the statute does not contain a definition of "carry" or of "concealed," either. It does not have to, to make sense. One who speaks English with any competence knows what those words mean, and also knows what the word weapon means. There might be dispute over whether a particular item is a weapon that is, over whether it fits the ordinary *1149 meaning of the word. For example, the ordinary pocket knife (suggested as a problem for this statute by defense counsel) might well be held not a weapon in the ordinary sense. (It is not a "dangerous weapon," State v. Pye, 225 La. 365, 72 So.2d 879 (La.1954), because not "customarily used" as such, R.S. 14:95.) But there can be no dispute over whether a switchblade knife is a weapon, because its switchblade character is designed for no other purpose than instant opening for readiness for use in offensive or defensive combat. Indeed, the switchblade is so exclusively a weaponand one that lends itself to the evils that condemn concealed weapons in generalthat "manufacture, ownership, possession, custody or use" of one is made a crime by R.S. 14:95 A(4). In ordinary English, weapon includes a switchblade knife and a statutory prohibition of carrying a concealed weapon includes, to the person of ordinary understanding of the English language, carrying a concealed switchblade knife. R.S. 14:95.1 is not vague in our context, and does not require any grafting upon itself of wording from another statute to be understandable.
The bill of information's charge is that defendant carried "concealed on his person instrumentalities intended for the probable use as a dangerous weapon, to wit: Two switchblade knives, ... having been previously convicted of a felony" etc. We have added emphasis to the language defendant contends is based on R.S. 14:95 A(1)[1] rather than 95.1 (the language he contended was necessary to make 95.1 understandable). Both the description of the information on its obverse and the response to a request for particulars described the offense as a violation of R.S. 14:95.1; defendant cannot have been misled into supposing that he was charged with simple carrying of switchblades rather than carrying of them by a felon. C.Cr.P. 486 declares that unnecessary allegations in an indictment or information "may be disregarded as surplusage." The emphasized language is unnecessary and is disregarded as surplusage.
The trial judge did not err in refusing to quash the information.
Defendant's third assignment is related to the second in that it assumes that "intended for probable use as a dangerous weapon" (the language based on R.S. 14:95 A(1)) is an element of the crime charged under § 95.1. (Assignment three argues that that element was proven by no other evidence than the proof of his prior convictionwhich defendant argues should not have been allowed because he offered to stipulate his status as subject to R.S. 14:95.1and therefore defendant's motion for post-verdict acquittal should have been granted.[2]) Our answer is that the element argued unproven is not an element: § 95.1 proscribes the carrying by a felon of a weapon, whether or not intended for probable use as a dangerous weapon. We add that the trial judge may have charged the jury incorrectly by including (as did defendant's requested charge) "intended for probable use as a dangerous weapon," but that error cannot have harmed defendant, for it would have made the state's burden greater than the statute requires.
Defendant last assigns as error the refusal of new trial. This assignment merely restates the others, raising no new issue. New trial was correctly refused.
Affirmed.
NOTES
[1] "A. Illegal carrying of weapon is:

(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person...."
[2] The prior conviction is one of the "essential facts constituting the offense charged" and therefore must be stated in the information, C.Cr.P. 462; by "alleg[ing] the name or nature of the offense and the fact, date and court of the conviction" in the information, art. 483. The normal order of trial's first step after selecting the jury is the "reading of the indictment," art. 765(2), to the jury. ("Indictment" includes information, art. 461.) Thus, in the normal order the jury would be informed of the nature of the prior offense.