499 So.2d 195 (1986)
STATE of LOUISIANA, Appellee,
v.
Charles D. EMERICK, Appellant.
Nos. 18096-KA to 18098-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*196 Smith and Hingle, P.C. by Gilmer P. Hingle, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty. by John P. Spires, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Defendant Emerick was indicted for aggravated rape (R.S. 14:42) and two counts of aggravated crime against nature (R.S. 14:89.1). A jury found defendant guilty of each charge, and he was subsequently sentenced to life imprisonment at hard labor without benefit of parole for aggravated rape and fifteen years at hard labor on each count of aggravated crime against nature. The life and one fifteen-year sentence were to run concurrently, and the other fifteen-year sentence was to run consecutively.
Defendant's three assignments of error present two issues on appeal.

FACTUAL CONTEXT
Cynthia Emerick, defendant's estranged wife, notified Carol White, a counselor and social worker with the Department of Family Services in Cedar Rapids, Iowa, that her two children had been sexually abused by their father while the family lived in Louisiana. Deputy Bill Franks of the Morehouse Parish Sheriff's Office was advised and investigated the complaint.
Deputy Franks conducted a videotaped interview with the children on April 15, 1985. His investigation indicated the abuse *197 occurred in Bastrop, Louisiana beginning some time during 1981. These acts went undetected until the sister asked her brother if their father had ever done anything "bad" to him. The children then discussed the incidents of sexual abuse and decided to tell their mother.
Defendant was born on July 4, 1947 and was in his early thirties when these offenses allegedly took place.

ISSUE NO. 1
The first issue is whether the trial court erred in allowing the victims of these sexual offenses to make an in-court identification of, and testify about, a "donut" device used in the perpetration of the crimes when the victims had previously been shown a photograph of the object out-of-court without the supervision of counsel.
On June 20, 1985, a photograph of the "donut" was mailed to the victims' mother and shown to the children with no other photographs of similar objects. When the children were shown the photograph, they both called it a "donut" and stated it was the device their father used when he sexually assaulted them. Defendant contends this was an impermissibly suggestive and prejudicial "show-up" out-of-court identification tainting the in-court identification.
At trial, both children were asked had they ever seen this particular object or one similar. The children then identified the device without objection. Only when the state attempted to introduce the "donut" into evidence was an objection made. Defense counsel contended the prejudicial effect outweighed its probative value, and then argued the identification resulted solely from the previous showing of the photograph to the children.
There is no requirement that a pre-trial identification of an item of physical evidence be conducted in the same manner as the pre-trial identification of a person suspected of committing a criminal offense. Furthermore, in this instance defendant's objection went, not so much to the admissibility, as to the weight to be accorded to the evidence because of the alleged prior impermissible influencing of the children.
There was also an independent basis for the children's identification. The item is very unique and the youngsters had the opportunity to see the device on numerous occasions in the past. There was no substantial likelihood of irreparable misidentification.
In addition, the item itself was sufficiently connected to the case to permit its admission even if it had not been identified by the children. During the interviews conducted by Deputy Franks, the children mentioned a "donut" which their father had used during the sexual acts. Based upon this information, a search warrant was obtained on April 18, 1985. A "donut-shaped" device matching the description given by the children was found inside a vaseline jar in the bottom drawer of a desk located in defendant's bedroom. The mother even testified defendant had shown her a similar device shortly after they were married. He called it a "donut" and told her it was put on an erect penis to limit penetration.
The "donut" device itself was shown to the jury several times. Again, defense counsel made no objection. Defendant was even allowed to place another "donut-shaped" item into evidence during cross-examination of one of the victims.
Defendant also contends the state failed to advise defense counsel of the photograph of the "donut" device in response to his motion for discovery.
Defendant filed a motion for discovery under La.CCrP Article 718 on May 28, 1985. Article 718 provides in pertinent part:
On motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof, which are within the *198 possession, custody, or control of the state, and which:
(1) are favorable to the defendant and which are material and relevant to the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The assistant district attorney, in answering defendant's discovery motion, stated:
The state has in its possession a doughnut shaped device and the jar which contains it. This device was seized pursuant to search warrants from the defendant's abode. It will be available for inspection and photographing by the defendant, his counsel or representative at the Morehouse Parish Sheriff's Office.
Even though the photograph of the device was not mentioned, the state complied with Article 718. The photograph was in the possession of the state, but it was not favorable to defendant nor material and relevant to the issue of guilt or punishment, it was not intended for use by the state as evidence at the trial, and it was not obtained from nor did it belong to defendant.
When an item of physical evidence is made available for inspection and photographing, a photograph of the object made by the state and not intended for use in evidence at trial is not discoverable.
In addition, defense counsel did not object on this basis at trial. Verbal notice of the existence of the photograph was given to counsel and no prejudice to defendant was shown. No attempt was even made to introduce the photograph into evidence. This assignment of error lacks merit.

ISSUE NO. 2
The second issue is whether the evidence proved defendant's guilt beyond a reasonable doubt.
Defendant contends the children were very young when these acts were allegedly committed and only reported the incidents to their mother after a bitter custody battle and not having seen their father for approximately five years. In addition, he argues there was no medical evidence supporting the accusations of sexual abuse.
A post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. La. CCrP Article 821. The Official Revision Comment under Article 821 states:
The test now is whether a reasonable factfinder must have a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781 [61 L.Ed. 560] (1979); State v. Byrd, 385 So.2d 248 (La.1980).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for the factual conclusion. State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984).
La.R.S. 14:42 provides in pertinent part:
Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(4) When the victim is under the age of twelve years.
Emission is not necessary and any sexual penetration, vaginal or anal, however slight, is sufficient to complete the crime. La.R.S. 14:41.
The son, who was born on July 31, 1973, was five years old when the father allegedly started sexually abusing him. The incidents continued for approximately three years. The son testified his father "would do bad things to me ... he used something called a donut ... he put it on... his penis and ... he made me sit down on ... his penis." The child stated the father's penis went inside him. This took *199 place "a lot of times". If the son refused, the father would threaten to kill him, make the boy work, or "ground" him.
This testimony indicates the father had anal intercourse with his son. The rape was committed without lawful consent because the child was prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution. In addition, the boy was under the age of twelve. The slight penetration that occurred was sufficient to complete the crime.
The evidence, viewed in a light most favorable to the state, proves beyond a reasonable doubt every element of the crime of aggravated rape.
La.R.S. 14:89.1 provides in pertinent part:
Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm accompanied by apparent power of execution.
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
Crime against nature is the unnatural carnal copulation by a human being with another of the same sex or opposite sex. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime. La.R.S. 14:89.
The son also testified the father would touch his penis. The child was forced to put the father's penis in his mouth. "He made me swallow his sperm." The son was prevented from resisting these acts by threats of great and immediate bodily harm accompanied by apparent power of execution. In addition, he was under the age of seventeen and the father was at least three years older. This testimony is sufficient to establish one count of aggravated crime against nature.
The daughter, who was born on August 9, 1975, testified she was forced to put the father's penis in her mouth five times. "He put something on his penis and he said it wouldn't hurt when he stuck it ... in my rear. It looked like a donut." She was also under the age of seventeen and the father was at least three years older. Again, this testimony proves beyond a reasonable doubt every element of the crime of aggravated crime against nature.

DECREE
For the reasons set forth above, we conclude defendant's assignments of error are without merit. Consequently, defendant's convictions and sentences are affirmed.