567 So.2d 735 (1990)
STATE of Louisiana, Appellee,
v.
Altona WILLIAMS, Appellant.
No. 21814-KA.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1990.
*736 Herman L. Lawson, Steven R. Thomas, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Jones, Dist. Atty., Robert E. Bethard, Asst. Dist. Atty., Coushatta, for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
The defendant, Altona Williams, age 21, was charged with distribution of cocaine. Following a jury trial, the defendant was convicted as charged and was subsequently sentenced to 20 years imprisonment at hard labor. On appeal, the defendant challenges the sufficiency of the evidence and the imposition of the 20-year hard labor sentence. As we find there was sufficient evidence to support defendant's conviction, but that the trial court failed to provide an adequate factual basis for the sentence imposed, we affirm defendant's conviction, but vacate his sentence and remand to the trial court for resentencing.

FACTS
On December 17, 1988, Investigator Robert Thomas of the El Dorado, Arkansas, *737 Police Department was assisting the Red River Parish Sheriff's Office in making undercover narcotics purchases. Investigator Thomas and a confidential informant went to Dorothy's Place, a bar or nightclub in Red River Parish. At the bar, the informant introduced Investigator Thomas to one Brian Palmer. Inquiries were made of Palmer regarding the purchase of crack cocaine. Palmer approached the defendant and had a conversation with him. Palmer then motioned for Investigator Thomas to meet him at the restroom. As Investigator Thomas approached the restroom, the defendant, standing next to the bathroom door, handed Palmer an off-white, rock-like substance. Investigator Thomas then followed Palmer into the restroom. In the restroom, Palmer gave Thomas the substance he had obtained from the defendant and Thomas gave Palmer $20. Thomas and Palmer then left the bathroom and Palmer handed the $20 to the defendant. The off-white, rock-like substance was later determined to be cocaine.

SUFFICIENCY OF THE EVIDENCE
The defendant's argument is that the bar, Dorothy's Place, was crowded and the lighting was poor. Defendant argues that these factors are enough to raise a reasonable doubt as to his involvement in the cocaine transaction and that he was mistakenly identified as a participant by Investigator Thomas.
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La. 1984). Where the key issue is not whether the crime has been committed, but whether the defendant was the person who committed it, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Smith, 430 So.2d 31 (La.1983); State v. Long, 408 So.2d 1221 (La.1982).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for the factual conclusion. State v. Emerick, 499 So.2d 195 (La.App. 2d Cir. 1986); State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984), writ denied, 462 So.2d 189 (La.1984). It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La. 1983); cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Holland, 544 So.2d 461 (La.App. 2d Cir. 1989). Where the trier of fact has made a rational credibility determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Holland, supra.
Although Investigator Thomas was cross-examined as to the sufficiency of the lighting in the bar, he was emphatic that there was enough light to enable him to see and identify both the defendant and Palmer. Originally, Investigator Thomas was 25 to 30 feet away from the defendant; however, when the cocaine was passed from the defendant to Palmer, Thomas was close enough to the defendant that the defendant could have handed the cocaine to Thomas as easily as to Palmer. Additionally, Investigator Thomas stayed in the bar and continued to view the defendant for 40 to 45 minutes after the cocaine transaction. Investigator Thomas's testimony was sufficient support for the jury's rational conclusion that, beyond a reasonable doubt, the defendant distributed cocaine.

EXCESSIVE SENTENCE
By Assignments of Error Numbers 1, 2, and 3, the defendant challenges the alleged excessiveness of the 20-year hard labor sentence and claims the trial court failed to adequately comply with the sentencing guidelines of Art. 894.1 and thereby failed to provide a factual basis for the sentence imposed.
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider *738 in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
As an initial matter, there was apparently no pre-sentence investigation report prepared on the defendant. Although we recognize that a pre-sentence investigation is not required by law, it is a helpful tool in imposing sentence, particularly where, as in this case, the law provides for a wide range of sentences for the crime in question. LSA-C.Cr.P. Art. 875; State v. Ray, 423 So.2d 1116 (La.1982).
At the sentencing hearing, the trial court stated that the defendant was in need of lengthy custodial treatment. In support of this conclusion, the trial court stated several factors with little elaboration. The defendant was described as having had a history of involvement in criminal activity, including violent offenses against the person and one prior felony conviction. The record does not reflect the extent of the defendant's prior criminal history nor is there any elaboration on the alleged violent offenses or the nature of the defendant's prior felony conviction. The trial court also noted that past incarceration has not deterred the defendant from committing further criminal activity. This is apparently a reference to the defendant's incarceration for the unnamed felony, but there is no mention of the length, place or conclusion to this incarceration.
The trial court also stated that, according to the trial testimony, the defendant used a youth under the age of 17 to assist him in the act of distributing cocaine. This may in fact have been the age of Brian Palmer, who acted as a go-between for the defendant's drug transaction; however, our review finds no mention, either at trial or elsewhere in the record, as to Palmer's age. This leaves suspect the trial court's further statements regarding the defendant's corruption of youth, his failure to serve as a proper role model and his influencing a child in a life of drugs and crime.
As a further aggravating factor, the trial court also noted the societal problems of drug use. The only mitigating factor mentioned which (according to the trial court) alone kept the defendant from receiving the maximum 30-year sentence was that the defendant was only 21 years of age. Another apparently mitigating factor, the small amount of cocaine involved, $20 worth, appears not to have been considered by the trial court.
The trial court then stated that anything less than the 20-year hard labor sentence imposed would deprecate the seriousness of the offense. Additionally, the 20-year sentence was felt necessary to serve as a deterrent to both the defendant and others similarly situated and to protect society from further criminal activity by the defendant. Without considering any other factors, such as the defendant's family ties, marital status, dependents, health, employment record, etc., the trial court then imposed sentence.
Where the trial court fails to adequately articulate the factual basis for the sentence imposed, an appellate court is unable to determine whether a sentence is excessive. In such a case, the sentence should be vacated and the case remanded for further articulation of the basis for the sentence imposed. State v. Saunders, 393 So.2d 1278 (La.1981); State v. Jackson, 360 So.2d 842 (La.1978). The cursory recitation of the statutory language of LSA-C.Cr.P. Art. 894.1, unsupported by a factual basis in the record, is no substitute for a reasoned and thoughtful statement by the trial court explaining the imposition of sentence. State v. Walters, 412 So.2d 1388 (La.1982); State v. Tully, supra.
The instant case is not one in which the sentence imposed is not apparently severe and is in the lower range of the sentencing scale and therefore remand for *739 compliance with Art. 894.1 is unnecessary. See, State v. Jones, 412 So.2d 1051 (La. 1982); State v. Jones, 381 So.2d 416 (La. 1980). A 20-year hard labor sentence, two-thirds of the maximum possible sentence of 30 years, seems incapable of description as not apparently severe. Nor is this a case where the record clearly shows an adequate factual basis for the sentence imposed and therefore remand would be unnecessary. See, State v. Boatright, 406 So.2d 163 (La.1981); State v. Boyette, 434 So.2d 456 (La.App. 2d Cir.1983).
In short, we are unable to determine from the record whether the 20-year hard labor sentence imposed upon the defendant is excessive. We therefore remand the case for further articulation of the reasons for the sentence imposed. At resentencing the trial court should more fully explain the defendant's criminal history and document the existence, age, and extent of involvement of the minor allegedly involved in the crime. The trial court should also consider the defendant's personal record, including his marital status, dependents, and employment history.
The defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the trial court for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED.