SEXTON, Judge.
The defendant, George E. White, was charged with and, following a jury trial, was convicted of armed robbery in violation of LSA-R.S. 14:64. He was sentenced to 20 years at hard labor without benefit of probation, parole, or suspension of sentence. On appeal, the defendant argues there was insufficient evidence to support his conviction and claims that his sentence is excessive. Finding that neither of the assignments of error have merit, we affirm defendant’s conviction and sentence.
At approximately noon on March 6, 1990, the defendant entered the Georgia Street Grocery Store in Monroe, Louisiana. He inquired of Ms. Sharon Duffey, the store clerk, as to the price of an item, but left the store without making a purchase. Ms. Duffey was of the opinion that defendant was merely ascertaining that Ms. Duffey was alone in the store. Two to three minutes after exiting the store, the defendant returned. He had a scarf over his nose and mouth and another scarf was covering an object which the defendant had under his arm. The defendant had this scarf-covered object pointed at Ms. Duffey. Although she never actually saw this object, Ms. Duffey felt that it was a gun. The defendant informed Ms. Duffey that it was a “stick up” and demanded money. Ms. Duf-fey removed $160 in cash and food stamps from the cash register and gave it to defendant. Defendant then ordered Ms. Duffey to get on to the floor. While she was attempting to kneel down on the floor, the defendant struck her on the shoulder with the scarf-covered object. The defendant then pulled the store telephone out of the wall and fled from the store. Based on Ms. Duffey’s identification and description, the defendant was apprehended by police shortly after the robbery. Approximately 35 to 40 minutes after the robbery, Ms. Duffey identified the defendant as the man who had robbed her.
On appeal, the defendant argues that there was insufficient evidence to support the conviction. There are two facets to defendant’s sufficiency assignment of error. First, defendant claims there was insufficient evidence to identify him as the perpetrator of the armed robbery; Second, defendant claims the evidence did not sufficiently show the robbery was committed while the perpetrator was armed with a dangerous weapon.
*1332 The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). Where the key issue is not whether the crime has been committed, but whether the defendant was the person who committed it, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Smith, 430 So.2d 31 (La.1983); State v. Long, 408 So.2d 1221 (La.1982).
Ms. Duffey clearly and unequivocally identified the defendant as the perpetrator of the robbery. Ms. Duffey and the defendant had been next-door neighbors and she also knew him as a frequent customer at the Georgia Street Grocery. He had been in the store earlier on the morning of the robbery between 10:00 a.m. and 10:30 a.m. The defendant was also in the store only a matter of minutes before the robbery. Ms. Duffey positively identified the defendant not only at trial, but also within an hour of the crime after defendant had been apprehended by police. The defendant nevertheless claims that Ms. Duf-fey’s failure to positively identify the scarves and the clothing entered into evidence as those worn by defendant during the robbery renders her identification of the defendant suspect.
It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Williams, 567 So.2d 735 (La.App. 2d Cir.1990). Where the trier of fact has made a rational credibility determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Williams, supra. We find ample support for the jury decision which implicitly found Ms. Duffey’s testimony credible.
Regardless of whether Ms. Duffey could identify the clothes worn by the perpetrator, her emphatic and repeated testimony was that the defendant, her next-door neighbor and frequent customer, was the man who robbed her. In the words of Ms. Duffey, “I could be mistaken about the scarves, but I know it was him (defendant) that robbed me.” There was sufficient evidence to support the jury’s finding that the defendant was the perpetrator of the robbery.
The defendant further claims there was insufficient evidence that the robbery occurred while he was armed with a dangerous weapon, as required by LSA-R.S. 14:64. A dangerous weapon “includes any ... instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.” LSA-R.S. 14:2(3).
In the instant case, although Ms. Duffey testified that she thought the defendant was in possession of a firearm (apparently a shotgun or a rifle), no firearm was ever recovered. Rather, the defendant was seen both before and after the robbery in possession of a baseball bat. The most reasonable scenario is that defendant had this baseball bat in his possession during the robbery, but had covered the bat with a scarf in an apparent attempt to convince Ms. Duffey that he was armed with a firearm. From Ms. Duffey’s testimony, the defendant was successful in his deception.
Even assuming that the instrument wielded during the robbery was a baseball bat, there was sufficient evidence for the jury to reasonably find that this constituted a dangerous weapon. Clearly the baseball bat in the manner used constituted a dangerous weapon. LSA-R.S. 14:2(3); State v. Leak, 306 So.2d 737 (La.1975) (extension to a ratchet coupled with a socket); State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986) (tennis shoe); State v. Clark, 527 So.2d 542 (La.App. 3rd Cir.1988), writ denied, 569 So.2d 977 (La.1990) (metal sign post); State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984) (hammer); State in Interest of Ruschel, 411 So.2d 1216 (La.App. 4th Cir.1982) (steel-toed, heeled boot). That and the cir *1333 cumstances of the case complete the elements of armed robbery. See State v. Talbert, 416 So.2d 68 (La.1982); State v. Green, 409 So.2d 563 (La.1982). We find sufficient evidence to support defendant’s conviction.
Defendant’s remaining assignment of error concerns the alleged excessiveness of his sentence. In his appellate brief, defendant concedes that the trial court fully complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. Defendant’s major contention is that his sentence is excessive because there was insufficient evidence to support his conviction. As we have already determined that there was sufficient evidence to support his conviction, defendant’s argument is likewise without merit as it would affect his sentence.
Moreover, we find ample support for defendant’s 20-year hard labor sentence, significantly less than the maximum 99 years at hard labor allowed under the armed robbery statute. The defendant, 26 years old, had an extensive juvenile record, and was committed to LTI on three separate occasions. The instant offense is the defendant’s third felony as an adult. In 1981, the defendant was sentenced to two years in the parish jail for receiving stolen goods with a value between $100 and $500. While imprisoned, the defendant, along with five other prisoners, gang raped a fellow prisoner, who was only 17 at the time. For his part in the crime, the defendant pled guilty to forcible rape and was sentenced to nine years at hard labor. Since his release from prison in 1987, the defendant has been convicted of several misdemeanor offenses. In 1989, the defendant was convicted of disturbing the peace, simple battery on a police officer, and interfering with a police officer and was sentenced to 60 days in jail. In 1990, the defendant was convicted of simple battery and sentenced to 95 days in jail. Later in 1990, the defendant was convicted of trespassing and sentenced to 30 days in jail. Defendant’s criminal activity has continued unabated since he was a juvenile.
In light of the defendant’s extensive criminal history, including his two prior felonies, as well as the other factors articulated by the trial court, the 20-year hard labor sentence is clearly not excessive. As neither of defendant’s assignments of error have merit, we affirm his conviction and sentence.
AFFIRMED.