SEXTON, Judge.
Following a jury trial, the defendant, Troy L. Powell, was convicted as charged on one count of armed robbery, in violation of LSA-R.S. 14:64. The defendant was thereafter sentenced to 50 years at hard labor without benefit of probation, parole, or suspension of sentence. On appeal, defendant claims there was insufficient evidence to support the conviction and that the sentence imposed is excessive. We affirm.
On May 6, 1992, at approximately 7:30 p.m., Miller Ray Christie was approached by the defendant while walking on a Monroe street. The defendant dropped a bag he had been carrying, grabbed Christie, and dragged him into an alley. The defendant demanded that Christie empty his pockets and give him the contents. Christie turned over his wallet with five one dollar bills inside, his watch, a comb, and two necklaces which were in envelopes. The defendant then drew a knife, stabbed Christie in the shoulder, and ran off. Based on Christie’s description of his attacker, the defendant was later arrested. Christie positively identified the defendant in a physical lineup.
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984).
To support a conviction for armed robbery, the state must prove the defendant took something of value belonging to another from the person of another or that is in the immediate control of another by the *113 use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:64; State v. Clark, 387 So.2d 1124 (La.1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 900, 66 L.Ed.2d 830 (1981).
Defendant contends that, even accepting Christie’s testimony as true, there was no evidence that he was armed until after the robbery had been completed in light of Christie’s testimony that defendant did not produce the knife until after Christie had turned over his property. Defendant’s contention is of no consequence. Where the final step in the series of events constituting the robbery, or even a defendant’s escape, is perfected by use of a dangerous weapon, the elements of the armed robbery have been established. See State v. Melton, 296 So.2d 280 (La.1974); State v. Bridges, 444 So.2d 721 (La.App. 5th Cir.1984).
Defendant further argues that there was insufficient evidence to support his conviction in light of his own testimony concerning the incident. Defendant testified that Christie gave defendant his property voluntarily in the hope that defendant could trade it for cocaine. According to defendant, Christie later attacked him with a pipe and defendant drew the knife and charged Christie in self-defense. Christie and the defendant fell and Christie was then cut by the knife.
It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Williams, 567 So.2d 735 (La.App. 2d Cir.1990). Where the trier of fact has made a rational credibility determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Williams, supra. Here, the jury evidently believed Christie’s testimony over the defendant’s version of the event. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986).
We find ample support for the jury’s factual conclusion that defendant committed an armed robbery. Defendant’s testimony was implausible and clearly self-serving. Defendant was arrested on May 6 or May 7,[1] but didn’t tell police his version of the incident until June 2. On June 2, defendant had his finger wrapped, claiming the finger had been broken when Christie hit him with the pipe. However, defendant never complained about his finger at the time of his arrest, nor did he report his alleged injury to the jail nurse on duty at the time of his arrest, although she met with defendant on that date to fill out a medical screening form. Defendant further disputed that the necklaces and the knife admitted into evidence were those connected with the crime, in variance to the weight of contrary evidence. Accepting the defendant’s testimony as true requires not only the rejection of Christie’s testimony, but also that of law enforcement officials involved in his arrest.
In short, we find significant support for the jury’s rejection of defendant’s version of the conflict. Accordingly, the evidence is sufficient to support defendant’s conviction. This assignment of error is without merit.
By his remaining assignment of error, defendant argues that the sentence imposed upon him is excessive. Defendant was sentenced on September 30, 1992. Defendant filed a motion for reconsideration of his sentence on January 21, 1993. This motion additionally requested that the trial court grant leave to defendant to file the motion more than 30 days after sentencing. The trial court granted defendant leave to file the motion, but denied the motion itself.
*114 LSA-C.Cr.P. Art. 881.1 A(1) and D provide:
Art. 881.1. Motion to reconsider sentence
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
[[Image here]]
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
This article allows a defendant to file a motion to reconsider sentence within 30 days following imposition of sentence or within such longer period as the court may set at sentencing. State v. Brewster, 609 So.2d 1094 (La.App. 2d Cir.1992); State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992). We will apply LSA-C.Cr.P. Art. 881.1 strictly as written.
In the instant case, defendant’s motion to reconsider sentence was not filed within 30 days following the imposition of sentence, nor did the trial court, at sentencing, set a longer period of time within which defendant could file his motion to reconsider sentence. Defendant’s motion to reconsider sentence, filed nearly four months after the imposition of sentence,[2] was of no effect and precludes our review of the allegedly excessive sentence. As we find the defendant’s two assignments of error are both without merit, we affirm defendant’s conviction and sentence.
AFFIRMED.
BROWN, J., concurs with written reasons.

. Defendant was arrested near midnight; hence, he was arrested either late on May 6 or early on May 7.

. We note that the motion to reconsider sentence was filed January 21, 1993. This was over a month after the appeal itself was filed on December 22, 1992, and several days after the filing of defendant’s appellate brief on January 15, 1993.