530 So.2d 1263 (1988)
STATE of Louisiana, Appellee,
v.
Curtis Lee STEWART, Appellant.
No. 19723-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
Rehearing Denied September 15, 1988.
*1265 Simmons & Nelson by Otha Curtis Nelson, Sr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Mark Donahoe, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr., and SEXTON, JJ.
JASPER E. JONES, Judge.
The defendant, Curtis Lee Stewart, was charged by bill of information with the crime of armed robbery, a violation of LSA-R.S. 14:64. The defendant was convicted by a jury of the lesser included offense of simple robbery. The trial court imposed sentence of three years at hard labor. The defendant now appeals his conviction and sentence based upon eight assignments of error. We affirm.

FACTS
Viewed in the light most favorable to the prosecution, the record reveals the following facts. In the early morning hours of Friday, November 22, 1985 the defendant placed a call to the Red Top Cab Company in Monroe and requested their services. The victim, Roy L. Bradley, was dispatched and delivered the defendant to his girlfriend's residence where the defendant instructed him to wait and keep the meter running. Having completed his errand, the defendant returned to the car and sat in the front seat. During this time, the defendant and the victim became involved in a dispute as to the amount owed for cab fare.
The defendant then requested the victim to deliver him to a mobile home park located a short distance away. Upon arrival at the entrance to the trailer park, the defendant grabbed the victim's American Bank money bag and a pair of brass knuckles which were placed beside him on the front seat and departed from the cab. The victim immediately exited his vehicle and pursued the defendant on foot within the trailer park.
The victim caught the defendant and a brawl ensued. The victim testified the defendant was wearing the brass knuckles and immediately knocked the victim to the ground. The victim's testimony indicated he never regained his stance but lay prone as the defendant repeatedly struck him with the brass knuckles during the remainder of the fight. When the defendant's blows stopped, the victim stated the defendant then took the victim's gold ring and $31.00 from his person before retreating from the area.
In his testimony at trial the defendant admitted hitting the victim with the brass knuckles and stated he "finally let him up" only after he had "got the best of him." The defendant acknowledged he had the brass knuckles in his possession when the police arrested him.
The fight was witnessed by Kim Armstard, a resident of the trailer park. Ms. Armstard testified she knew the defendant from school and he was a resident of the trailer park. She observed the defendant on top of the victim underneath a street light outside her trailer. The witnesses related the defendant was "laying down on top of the man just beating him" for a period of fifteen minutes. Thereafter she observed the defendant walk towards his trailer home.
The police were called, but before their arrival the victim managed to return to his vehicle and was found a short distance away by the police as he sat unconscious in his parked cab.
Upon their arrival at the trailer park, the police observed a puddle of blood on the ground. Close by the police observed the *1266 American Bank money bag containing $21.30, a small change purse, and a tooth belonging to the victim. Upon arresting the defendant in connection with the events, the police found the defendant in possession of the victim's brass knuckles, the victim's gold ring, and $31.00, all of which the victim claimed the defendant had taken from his person during the robbery.

ASSIGNMENTS OF ERROR
The defendant now appeals his conviction and sentence based upon eight assignments of error which raise the following issues for review:
(1) Did the state systematically use its peremptory challenges to exclude blacks from the jury;
(2) Did the state lay a proper foundation for the introduction of the brass knuckles, the money bag, and photographs of the victim into evidence;
(3) Did the trial court err in refusing the defendant the opportunity to take the testimony of the jurors;
(4) Did the trial court err in denying the defendant's motion for new trial based upon newly discovered evidence;
(5) Did the prosecution prove the essential elements of the crime beyond a reasonable doubt; and
(6) Did the sentence imposed constitute excessive punishment.
Assignment of Error # 1
The defendant contends the trial court erred in overruling the defense objection based upon the state's alleged systematic exclusion of blacks from the jury.
The defendant timely raised his objection based upon purposeful discrimination against blacks in the selection of the jury after the state exercised six peremptory challenges against black jurors. Arguments on the objection were heard outside the presence of the selected jurors and the venire.[1] The state noted at the time of the objection the state had accepted three black jurors and had exercised peremptory challenges against two white jurors during the selection process. The trial court ruled the defendant had not established a prima facie case of systematic exclusion of blacks by the state's use of peremptory challenges and overruled the defense objection.
The defendant reiterated the objection as a basis included in a motion for new trial submitted after his conviction. At the hearing on the motion the trial court further elaborated on overruling the objection, stating:
"Paragraph 1 of the motion relates to the exclusion of blacks from the Jury. Those matters are all a matter of record. The Court ruled upon them during the trial. As a matter of fact, there were a number of blacks on the Jury. I don't recall precisely the number at the present time. There were several peremptorily challenged by the State. There were several accepted but the record indicates the race of each of the black jurors who were questioned during voir dire and that is a matter of record. The Court was convinced at that time and it at the present remains convinced that there was no systematic exclusion of blacks or deprivation of constitutional rights of the defendant in regard to the selection of the Jury as to race."
The Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986) enunciated the standard to be applied where the defendant makes an objection to the jury selection based on purposeful discrimination. Under Batson, a defendant may establish a prima facie case of purposeful discrimination on evidence derived from the use of the state's exercise of peremptory challenges at trial. Batson, supra; State v. Thompson, 516 So.2d 349 (La.1987).
A prima facie case is established where the defendant shows he is a member of a cognizable racial group and that the *1267 state exercised peremptory challenges to remove from the jury members of the defendant's race. The court in Batson further stated all relevant circumstances may be considered to determine whether the defendant has met his burden of proof. The court in Batson elaborated on the significance of all relevant circumstances, stating:
For example, a "pattern" of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors.
We conclude the trial court did not err in overruling the defendant's objection. The record does not reflect the state exercised its peremptory challenges with a discriminatory purpose. At the time the objection was raised, the state had accepted three black jurors.[2] The state did not exercise all of its peremptory challenges and of the final jury selection three of the twelve jurors were black and an alternate juror was black. The victim and the defendant were black. We note nothing in the prosecutor's statements and questions during voir dire which raise an inference of discriminatory purpose. The trial court did not err in determining the defendant failed to establish a prima facie case of purposeful discrimination. See State v. Thompson, supra.
This assignment of error is without merit.
Assignment of Error # 2
The defendant contends the state failed to prove a continuous chain of custody and therefore failed to establish a proper foundation for the admission of the American Bank bag, the victim's brass knuckles, and photographs of the victim.
Officer Bob Brown of the Monroe Police Department testified at trial the defendant handed him the brass knuckles at the time of the arrest. He testified he placed the weapon into evidence storage at the police department following the defendant's arrest. At trial, Officer Brown identified the brass knuckles as the same pair given to him by the defendant after the incident.
Officer Brown further testified he observed the American Bank money bag on the ground in the location of the fight. He stated he took possession of the bag, logged it into evidence storage at the police department, and retrieved it to bring to court. At trial, Officer Brown identified the money bag as the same observed by him the night of the incident.
Detective Jim Gregory testified he went to the hospital where the victim was taken to be treated for injuries. He stated he took pictures of the victim to record his numerous facial injuries. He identified those photographs at trial as reflective of the victim's condition immediately following the altercation.
LSA-C.Cr.P. art. 773 requires a proper foundation to be laid before the evidence is admissible. The object introduced into evidence must be identified. Our supreme court has stated the identification can also be deemed sufficient where a chain of custody is established from the time the object is seized to the time it is offered into evidence at trial. A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the *1268 same as the object originally seized by the officer. State v. Davis, 411 So.2d 434 (La. 1982) and citations therein.
A proper foundation for the authentication of photographs is laid where it is shown a photograph depicts correctly what it is supposed to depict. Summers v. Vermilion Parish School Board, 493 So.2d 1258 (La.App. 3d Cir.1986), writ den., 497 So.2d 312 (La.1986); Derouen v. Department of Transportation and Development, Office of Highways, 392 So.2d 765 (La.App. 3d Cir.1980).
In his testimony Officer Brown identified both the brass knuckles and the money bag as the same objects he originally took into his possession the night of the crime. Officer Brown also related circumstances sufficient to establish a proper chain of custody from the time the brass knuckles and the money bag were taken from the crime scene to the time of their introduction at trial. These objects were properly admitted into evidence by the trial court. Further, the photographs were identified by Detective Gregory at trial as reflective of the victim's physical injuries immediately following the fight. These photographs were properly authenticated and received into evidence.
This assignment of error is without merit.
Assignments of Error # 3 and # 7
By these assignments the defendant contends the trial court erred in refusing defense counsel the opportunity to take the testimony of four jurors and an alternate juror who allegedly discussed the facts of the case prior to the actual deliberations.
As one basis supporting a motion for new trial filed by defendant after his conviction, the defendant claimed his right to trial by impartial jury was denied because the jurors discussed the case among themselves before deliberations. At the hearing on the motion, the trial court refused to hear the testimony of those jurors citing LSA-R.S. 15:470 which disallows impeachment of the verdict by the testimony of jury members. Defense counsel, Otha Curtis Nelson, took the stand and proffered hearsay testimony of an alternate juror who informed defense counsel that all of the jurors had discussed the facts of the case prior to its submission in violation of the trial court's instruction.
LSA-R.S. 15:470 provides:
No juror, grand or petit, is competent to testify to his own or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit, is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member.
An exception to LSA-R.S. 15:470 exists when there is an unauthorized communication or overt act by a third person which creates an extraneous influence on the jury. State v. Sinegal, 393 So.2d 684 (La.1981). When the statutory prohibition infringes on defendant's constitutional right to a fair trial, jurors will be deemed competent to testify about the alleged jury misconduct.
A similar factual situation as presented in the instant case occurred in State v. Graham, 422 So.2d 123 (La.1982). In Graham, the defendant contended an unauthorized communication occurred when an alternate juror related to a principal juror his interpretation of evidence presented at trial. The supreme court rejected the defendant's contention as without merit, noting the prohibition serves to protect the juror from outside influence. A communication by an alternate juror to a principal juror regarding evidence introduced at trial was not an outside influence. The supreme court approved the trial court's refusal to allow the jurors to testify pursuant to LSA-R.S. 15:470 because this communication between jurors did not rise to the level of prejudicial juror misconduct.
The same conclusion is supported by the record in the instant case. The jurors' discussion of the facts among themselves, although in violation of the trial court instruction, did not inject into the proceedings outside influence or extraneous information *1269 not developed at trial. The allegations of misconduct prejudicial to the defendant are not supported by the record. The trial court correctly refused to allow the jurors to testify.
These assignments of error are without merit.
Assignments of Error # 4 and # 5
By these assignments of error the defendant contends the trial court erred in refusing to allow the defense counsel to amend the motion for new trial to encompass the allegation of newly discovered evidence.[3]
At the hearing on the motion for new trial the defendant contended he should be allowed to orally amend the motion for new trial to include the allegation of newly discovered evidence. Defendant's newly discovered evidence consisted of testimony by a witness that the American Bank bag contained an additional $25.00 when it was retrieved from the police department for introduction at trial. The trial court denied oral amendment and further stated:
... the Court finds that even if the witness would testify as counsel has stated, there is no indication that it would have any likelihood of affecting the verdict. It would relate only to a possible impeachment of complaining witness as to the details of the amount of money and not relate directly to the offense itself. So the Court declines to allow that amendment.
We find no abuse of the trial court's discretion on this ruling.
These assignments of error are without merit.
Assignment of Error # 6
The defendant contends because the ring taken from the victim by the defendant was not introduced at trial the verdict of simple robbery is not supported by the evidence.
In reviewing the sufficiency of the evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
When viewed in this light, the prosecution proved the elements of the crime of simple robbery beyond a reasonable doubt.[4] The victim testified the defendant took the ring off his finger as the victim lay injured on the ground. The victim's testimony was corroborated by Officer Brown. Officer Brown testified the defendant was in possession of the brass knuckles and a small gold ring when he was confronted outside his mobile home immediately following the incident. The trial court noted at the hearing on the motion for new trial "the taking of the ring from Mr. Bradley was testified to by Mr. Bradley and was corroborated by other evidence, that in itself is sufficient to support the jury's verdict."
*1270 We further note the victim testified that the defendant took the American Bank money bag along with the brass knuckles with him as he departed from the car at the site where the confrontation occurred. This evidence would also support the jury's conviction under the Jackson v. Virginia guidelines.
It is not the function of a reviewing court on appeal of a criminal conviction to evaluate the credibility of witnesses and overturn the jury on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Jackson, 452 So.2d 1225 (La.App. 2d Cir.1984).
We conclude a rational trier of fact could have found the state proved beyond a reasonable doubt the elements of the crime for which the defendant was convicted.
This assignment of error has no merit.
Assignment of Error # 8
By this assignment the defendant complains his sentence is excessive. Defendant also contends the trial court failed to follow the sentencing guidelines of LSA-C. Cr.P. art. 894.1.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ den., 439 So.2d 1074 (La.1983); State v. Square, 433 So.2d 104 (La.1983).
The record must reveal the trial judge implemented the criteria of LSA-C. Cr.P. art. 894.1 in imposing sentence. While the trial judge need not articulate every aggravating or mitigating circumstance, the record must reflect he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir. 1983), writ den., 438 So.2d 1112 (La.1983); State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly shows an adequate basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the appellant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
From the record it is apparent the trial court properly complied with the provisions of article 894.1. The trial court reviewed the defendant's lengthy criminal history, noting defendant's 1977 conviction for possession of marijuana with intent to distribute, a 1980 conviction of theft, and a 1983 conviction for damage to city property and simple battery of a police officer. The trial court stated the defendant has a "hairtrigger temper" and noted his predisposition to react violently as reflected from his conviction record and his violent conduct in the instant case. The trial court observed in mitigation the victim's testimony that he began the physical contact with the defendant. However, the trial court further observed the defendant's conduct in asserting his defense was considerably more extreme than was justified by self-defense. The trial court stated the defendant has no dependents for which his incarceration would pose a hardship. The trial court noted the defendant's good work record and favorable reports made by his employer. However, the trial court also noted the defendant's status as a second felony offender and the aggravated circumstances surrounding the instant offense. The record amply supports the conclusion the trial court particularized the sentence to the defendant.
The defendant further argues the three year sentence imposed is constitutionally excessive in violation of LSA-Const. Art. 1, § 20. At the outset, we note the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of an abuse of discretion by the sentencing judge. State v. Hammonds, supra. A sentence is constitutionally excessive where it is grossly out of proportion to the severity of the *1271 offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ den., 435 So.2d 433 (La.1983).
The maximum sentence for simple robbery is seven years. The three year sentence imposed is well below the maximum sentence to which defendant was potentially exposed. In light of defendant's status as a second felony offender and the seriousness of the offense, the sentence is not constitutionally excessive.
This assignment of error is without merit.

CONCLUSION
For the reasons expressed above the defendant's conviction and sentence are affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
Before JASPER E. JONES, FRED W. JONES, SEXTON, MARVIN and NORRIS, JJ.
Rehearing denied.
NOTES
[1] The ruling on the objection to the state's use of peremptory challenges based upon race must be made before the completion of the jury panel. State v. Williams, 524 So.2d 746 (La.1988). The trial court properly ruled at the time of defendant's contemporaneous objection in the instant case.
[2] The record does not contain the transcription of the voir dire examination of these jurors. However, the record indicates no defense objection to the statement by the prosecutor that the state had accepted three black jurors. The record supports the finding that jury members were indeed black as indicated by the trial court's statements during the hearing on defendant's motion for new trial.
[3] LSA-C.Cr.P. art. 851 provides the grounds for new trial and states in part:

The court, on motion of the defendant, shall grant a new trial whenever: ... (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
LSA-C.Cr.P. art. 854 which provides the necessary allegations of fact states in part:
The motion for new trial based on the ground of newly discovered evidence shall contain allegations of fact showing:
(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
(3) The facts which the witnesses or evidence will establish; and
(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
[4] LSA-R.S. 14:65. Simple Robbery

A. Simple robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.
B. Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.