565 So.2d 511 (1990)
STATE of Louisiana, Appellee,
v.
Pearl VOLENTINE, Appellant.
No. 21421-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1990.
Rehearing Denied July 24, 1990.
*512 Cameron C. Minard, William J. Perkins, Columbia, for appellant.
William Guste, Atty. Gen., Baton Rouge, Don C. Burns, Dist. Atty., Donald D. McKeithen, Asst. Dist. Atty., Columbia, for appellee.
*513 Before MARVIN, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Indicted for 142 counts of theft, LSA-R.S. 14:67, Pearl Volentine was found guilty as charged in a 1988 jury trial. After a presentence investigation, she was sentenced to five years at hard labor and ordered to make restitution as a prerequisite to parole.
Defendant now appeals, urging seven assignments of error. For the reasons hereinafter expressed, we affirm the conviction but remand the matter for resentencing.

FACTS
Late in 1983, defendant was introduced to, and befriended, Hubert and Agnes Phillips. Thereafter, on 142 different occasions between January 2, 1984 and March 21, 1987, she convinced Mrs. Phillips to write her checks for "loans" of varying amounts. More specifically, preying on Mrs. Phillips' good nature and in order to persuade her to advance the funds, defendant would concoct completely baseless stories of financial hardship involving, among other things, the offender's health and family.
Sometime during mid-1987, Mr. Phillips complained to the authorities about defendant's alleged theft of thousands of dollars from him and his wife. A lengthy investigation disclosed that defendant had managed to fraudulently acquire over $100,000 from the Phillipses' savings. The present prosecution ensued.

ASSIGNMENTS OF ERROR NOS. 1 and 2
Defendant assigns as error the trial court's denial of her request for a bill of particulars and her motion to quash. These two assignments lack merit.
The record reveals that defendant was arraigned on April 19, 1988 and was admonished at that time to file pretrial motions within 15 days in accordance with LSA-C.Cr.P. Art. 521. However, the motion seeking a bill of particulars, and alleging that the indictment insufficiently specified the facts constituting theft, was filed and denied on September 22, some two working days prior to the scheduled trial date of Monday, September 26. Apparently prompted by that denial, defendant then filed a motion to quash on September 23, and again urged that "the indictment does not convey to the defendant the acts that she is alleged to have committed that are essential to constitute the crime of theft...." That motion was denied at a hearing on Monday morning prior to the trial.
The function of a bill of particulars is to inform the accused of matters, pertinent to the charge, which the trial judge in his sound discretion considers necessary, in fairness, to permit the accused to defend himself. State v. Meunier, 354 So.2d 535 (La.1978). The granting or refusal of a motion for a bill of particulars is within the discretion of the trial court, and its ruling will not be disturbed unless a clear abuse of that discretion is shown. State v. Burch, 365 So.2d 1263 (La.1979); State v. Stevenson, 514 So.2d 651 (La.App. 2d Cir.1987), writ denied, 519 So.2d 141 (La.1988).
Defendant clearly did not seek, in accordance with LSA-C.Cr.P. Arts. 484, 521, a bill of particulars within the time limit set at her arraignment. Although such a pretrial motion is entertained at other occasions upon a proper showing, LSA-C.Cr.P. Art. 521, the trial court committed no abuse of discretion in denying defendant's request.
The district judge, before denying the bill of particulars motion, met with counsel and was advised by the district attorney that compliance with defendant's untimely motion on the eve of trial would entail an undue amount of work. Even more importantly, in a statement uncontradicted by defendant, the prosecutor noted that he and defense counsel had, since April, been involved in discussions concerning the case, with the result that information, including copies of the checks, had been provided defendant upon request. Also, following the hearing on the motion to quash and acting pursuant to court instruction, the *514 state provided an abbreviated, general answer to the bill of particulars motion.
Of course, since an accused is entitled to be adequately notified of the nature and cause of the accusation against him, LSA-Const. Art. 1, § 13 (1974), an indictment must contain the essential facts of the offense charged, State v. Jones, 544 So.2d 1209 (La.App. 3rd Cir.1989). Here, the indictment followed the statutory form set forth in LSA-C.Cr.P. Art. 462, and adequately apprised defendant of the nature of the proceedings against her. Thus, no error occurred in the trial court's ruling on either the request for a bill of particulars or the motion to quash.

ASSIGNMENT OF ERROR NO. 3
During his opening statement, the district attorney made the following remarks:
(O)ur testimony will show, the testimony of Mrs. Phillips will show that Mrs. Phillips herself was intimidated and lied to. The figures and bank accounts used by the defendant in this case are confusing. It's a lot of bank accounts, it's a lot of money, it's a lot of counts and charges here, but the case is simple, after you hear the evidence, you will realize the simpleness and how easy it is to see what happened. Pearl Volentine stole the life savings of Agnes and Hubert Phillips....
Defendant objected and now contends that prejudice resulted from the comments, which she characterizes as setting forth a conclusion of fact unsupported by the evidence.
Of course, the state's opening statement shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to satisfy its burden of proof. LSA-C.Cr.P. Art. 766. The trial judge has wide discretion in controlling the scope and extent of opening statements, and a conviction will not be set aside for error therein unless substantial rights of the accused plainly are violated. State v. Brown, 428 So.2d 438 (La.1983); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied, 452 So.2d 695 (La.1984).
The record indicates that no rights of the accused were violated. Indeed, the evidence supports the statements made by the district attorney.
The state introduced 142 checks issued by Mrs. Phillips to defendant on various dates. Mrs. Phillips recalled her decision to cease writing such checks at one juncture, only to have defendant desperately describe assorted reasons for needing more money, including medical treatment for terminal cancer, of which defendant once said she had only six months to live without surgery. On different occasions, defendant would request and receive a replacement of a previously executed check, said to have been destroyed or lost, although later both instruments would be found to have been negotiated by her. She also misrepresented that certain checks had been drawn against insufficient funds, and advised Mrs. Phillips that, without a second instrument, they both would "go to jail." Defendant also requested that the checks contain no notations explaining the purpose for their issuance.
Mr. Phillips testified that his VA disability benefits, which he had saved since World War II, were signed over by his wife to defendant. Finally, the testimony of a certified public accountant established that the checks, totaling the amount alleged by the state, were either negotiated by defendant for cash or the proceeds were placed into several accounts she held.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 4
During cross-examination, Mr. Phillips was asked if his wife told him why she wrote the checks at issue. The state, however, interposed a hearsay objection which was sustained. Defendant now complains that the evidence was admissible as part of the res gestae.
LSA-R.S. 15:447 (now repealed) provided as follows:
Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the *515 words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
The statement in question was not made under "the immediate pressure of the occurrence," i.e., not made when the checks were written to defendant, but, rather, was part of a conversation between Mr. and Mrs. Phillips occurring sometime later, when Mr. Phillips became aware of defendant's activities and the extent of the couple's loss. In addition, Mrs. Phillips testified and was subject to cross-examination concerning her motivation in writing the checks. Accordingly, this assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 5 and 6
Due to Mrs. Phillips' inability to state the reason for which each check was written to defendant, it is maintained in these two assignments that the 142 instruments were irrelevant to the case and improperly admitted into evidence.
Our law, former LSA-R.S. 15:441 and now LSA-C.E. Art. 401, essentially defines relevant evidence as that tending to show any fact of consequence to the charge. Identification of an item of evidence establishes a proper foundation for admissibility, and such identification can either be visual, as by a witness who identifies the evidence in court, or by a chain of custody. State v. Harriman, 469 So.2d 298 (La.App. 2d Cir.1985), writ denied, 474 So.2d 1304 (La.1985), cert. denied, 476 U.S. 1109, 106 S.Ct. 1958, 90 L.Ed.2d 366 (1986). The testimony as a whole need only establish that it is more probable than not that the object whose introduction is sought is the same as the object connected with the case. State v. Stewart, 530 So.2d 1263 (La.App. 2d Cir.1988). A lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to the admissibility. State v. Harriman, supra. Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Robertson, 421 So.2d 843 (La.1982).
All of the checks were payable to defendant, and, despite an inability to recall precisely why each particular instrument was written, Mrs. Phillips identified her signature as drawer on every exhibit. In the same connection, she also testified she never voluntarily offered any of the funds, but, on the contrary, the monies were requested by defendant on each occasion. Thus, the checks were properly placed into evidence, with their weight being a matter for jury determination.

ASSIGNMENT OF ERROR NO. 7
The certified public accountant, a state expert witness, traced the flow of funds from the Phillipses' accounts and testified as to other findings. In this assignment, defendant contends the CPA's testimony constituted an attempt to confuse the jury with an unnecessary repetition of evidence, since the checks and the testimony of Mrs. Phillips had been previously introduced.
All relevant evidence is admissible except as otherwise provided by the state or federal constitution, by law, or by rule of the Supreme Court. State v. Johnson, 453 So.2d 279 (La.App. 2d Cir.1984). See also LSA-C.E. Art. 402, effective after the present trial. Even if deemed relevant, however, evidence should be excluded if its probative value is outweighed by the danger of prejudice. State v. Ludwig, 423 So.2d 1073 (La.1982); State v. Guillory, 540 So.2d 1212 (La.App. 3rd Cir.1989). See also LSA-C.E. Art. 403. In weighing the relative probative value of proffered evidence against its probable prejudicial effect, whether the evidence is merely cumulative is a factor to be considered. State v. Morris, 457 So.2d 119 (La.App. 2d Cir. 1984).
Here, however, rather than being merely cumulative, the evidence in question corroborated Mrs. Phillips' testimony. In addition, because of the number of checks involved, the expert testimony served to enhance, instead of confuse, the jury's understanding of events. This assignment of error lacks merit.

*516 THE SENTENCE
Although failing to formally designate any error concerning her sentence, defendant briefed an alleged irregularity. While such an unspecified issue does not properly come before us as an assignment of error, LSA-C.Cr.P. Art. 920, the problem disclosed constitutes error patent, which we will address.
The present record contains no written judgment of conviction setting forth the sentence, or sentences, defendant received. The transcript of the sentencing hearing, though, indicates the imposition of five years at hard labor. Even so, because 142 different counts were involved, error resulted when no individual sentence for each offense was specified. See State v. Davenport, 520 So.2d 463 (La.App. 5th Cir. 1988). A determinate sentence should have been clearly pronounced on each count of which defendant was convicted, LSA-C. Cr.P. Arts. 871, 879, and the court should have expressed its intent concerning concurrent service of sentences, in accordance with LSA-C.Cr.P. Art. 883. Moreover, considering the values entailed in some of the counts, five years exceeds the maximum sentence statutorily provided for many of the counts. LSA-R.S. 14:67.
The trial judge also improperly ordered defendant to make restitution to the Phillipses prior to release on parole. Restitution may be imposed by the court as a condition of probation, LSA-C.Cr.P. Art. 895, or by the parole board as a condition of parole, LSA-R.S. 15:574.4 J. However, as emphatically held in State v. Fluitt, 482 So.2d 906 (La.App. 2d Cir.1986), a sentencing judge may not require restitution as a prerequisite for parole.

CONCLUSION
For the foregoing reasons, defendant's convictions are affirmed.[1] The sentence is vacated and the matter remanded for resentencing in accordance with law.[2]
CONVICTIONS AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

APPLICATION FOR REHEARING
Before MARVIN, LINDSAY, HIGHTOWER, HALL and NORRIS, JJ.
Rehearing denied.
NOTES
[1] We note that three counts, each involving the theft of less than $100, are misdemeanors inasmuch as the prescribed punishment is either a maximum of six months without hard labor or a $500 fine, or both. LSA-R.S. 14:67; LSA-C. Cr.P. Art. 933. Because such offenses were not triable by a jury, LSA-C.Cr.P. Art. 779, they were improperly joined in the same indictment with the relative felonies for which, of course, defendant was entitled to a six member jury, LSA-C.Cr.P. Arts. 493, 782. However, a misjoinder of offenses may be waived by the failure to timely assert it by a motion to quash. State v. Mallett, 357 So.2d 1105 (La.1978). Moreover, we can perceive no prejudice when a defendant has been afforded greater protection than the law requires.

In State v. Adams, 525 So.2d 1256 (La.App. 1st Cir.1988), writ denied, 532 So.2d 130 (La.1988), our brothers of the First Circuit held that State v. Mallett, supra, did not encompass a situation, characterized as error patent, in which different modes of trial render the joinder of offenses improper. To the extent that decision is contrary to our position expressed here, we decline to follow it.
[2] While not required by LSA-C.Cr.P. Art. 871, a written and signed judgment of conviction is preferable. State v. Thomason, 531 So.2d 1177 (La.App. 2d Cir.1988), writ denied, 534 So.2d 961 (La.1988). Certainly, a signed judgment will represent the better procedure in this instance, involving 142 counts and circumstances replete with possibilities for confusion.