594 So.2d 1376 (1992)
STATE of Louisiana, Appellee,
v.
L.C. HAMILTON, Appellant.
No. 23422-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*1378 Teat and Avery by Jimmy C. Teat, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Walter E. May, Jr., Dist. Atty., Jonesboro, John Michael Ruddick, Asst. Dist. Atty., Haynesville, for appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
SEXTON, Judge.
The defendant, L.C. Hamilton, was charged with and was subsequently convicted by jury of two counts of distribution of cocaine, in violation of LSA-R.S. 40:967. The defendant was later sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence on each count, the sentences to be served consecutively. On appeal the defendant presents nine assignments of error.[1] For the reasons expressed herein, we affirm defendant's convictions, but vacate his sentence and remand for resentencing.

FACTS
On August 3, 1990, law enforcement officials Terry Skinner and Saul Wilson, together with a confidential informant, were conducting an undercover narcotics investigation in Homer, Louisiana. Pursuant to this investigation, the officers were introduced to a man known as "Hamp," later identified as the defendant, who sold each of the officers one rock of cocaine for $20 apiece.

CHALLENGE FOR CAUSE
By his first assignment of error, the defendant claims the trial court erred in refusing to grant his challenge for cause of prospective juror James W. McClung. During voir dire, Mr. McClung stated that he knew law enforcement officer Donald Malray "rather well" and further advised *1379 that if Officer Malray's testimony conflicted with the testimony of another witness, Mr. McClung would "have to believe Officer Malray." The defendant challenged Mr. McClung for cause pursuant to LSA-C.Cr.P. Art. 797(2), arguing that Mr. McClung was not impartial. The trial court denied the challenge for cause and the defendant was forced to expend one of his peremptory challenges to excuse Mr. McClung as a juror.
A trial court has broad discretion in ruling on a challenge for cause, and its ruling will not be disturbed on appeal absent a showing of an abuse of discretion, that is, unless it is arbitrary and capricious. State v. McIntyre, 381 So.2d 408 (La.1980), cert. denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980); State v. Honeyman, 565 So.2d 961 (La.App.2d Cir.1990).
We note that Mr. McClung did not evidence an inclination to be partial toward the testimony of all law enforcement officials, but only toward the testimony of Officer Malray. In all other respects, Mr. McClung clearly stated that he would not favor the state's witnesses and would otherwise fairly weigh the issue of defendant's guilt or innocence. The state noted that Officer Malray had only been involved in the arrest of the defendant and would therefore provide no testimony directly relative to the commission of the crime and defendant's guilt or innocence.
The situation is analogous to that considered in State v. Smith, 398 So.2d 1090 (La.1981). In that case the defendant had sought to have a prospective juror excused for cause because her husband was a state witness, although he would testify solely as to the circumstances of the discovery of the victim. The Louisiana Supreme Court found no error in the denial of the challenge for cause because the husband's testimony did not concern the commission of the crime and acceptance of his testimony would in no way refute either the state's or the defendant's version of the incident. His wife was therefore not precluded from serving as a juror.
We note further that, in the instant case, Officer Malray did not even testify at trial. Accordingly, any bias or reason for bias on the part of the prospective juror was removed and there was no error in the denial of the challenge for cause. See State v. Roux, 487 So.2d 1226 (La.App. 3rd Cir. 1986), writ denied, 489 So.2d 244 (La.1986). This assignment of error is without merit.

BATSON CHALLENGE
By this assignment of error, the defendant argues that the trial court erred in denying defendant's motion for dismissal of the jury panel. That motion was based on the state's alleged use of its peremptory challenges to strike jurors based solely upon their race.
A determination of whether the exclusion of blacks from a jury is on the basis of race and therefore in violation of the Fourteenth Amendment's equal protection clause is guided by the principles enunciated in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In Batson, the Supreme Court held that to establish a prima facie case of purposeful discrimination in selection of a jury, the defendant must show that he is a member of a cognizable racial group and the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. In deciding whether the defendant has made the requisite showing necessary to allow an inference of purposeful discrimination, the trial court should consider all relevant circumstances, including whether there has been a pattern of strikes against black jurors and whether the prosecutor's questions and statements made during voir dire support or refute an inference of discriminatory purpose. If the defendant makes such a prima facie showing of discrimination, the burden then shifts to the state to come forward with a neutral explanation for challenging black jurors. The ultimate burden of persuasion in a claim of denial of equal protection through the purposeful discrimination in the selection of a jury remains on the defendant. State v. Thompson, 516 So.2d 349 (La.1987), cert. denied, 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988), rehearing denied, 488 U.S. 976, 109 S.Ct. 517, *1380 102 L.Ed.2d 551 (1981); State v. Young, 551 So.2d 695 (La.App. 1st Cir.1989).
In the instant case, the trial court found there had been no prima facie showing of discrimination and, accordingly, the state was not required to present its reasons for exercising its peremptory challenges.[2] The issue is whether, considering all relevant circumstances, the defendant has made a prima facie showing sufficient to allow an inference of purposeful discrimination. The trial court's conclusion that a prima facie case had not been established is entitled to great deference. Batson v. Kentucky, supra, 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21. State v. Tucker, 591 So.2d 1208, (La.App.2d Cir.1991).
The defendant, a black man, was tried by a 12-member jury. Four of the twelve jurors, along with the only alternate, were black. Although each peremptory challenge exercised by the state was used to excuse a black prospective juror, we note that the state used only eight of its twelve allotted peremptory challenges. The state accepted two black jurors prior to exercising any of its peremptory challenges and accepted another black juror after the defendant had exercised all of his allotted peremptory challenges.[3]
While we acknowledge that the mere presence of black jury members does not automatically defeat an inference of discrimination, State v. Collier, 553 So.2d 815 (La.1989), we factually distinguish Collier and agree that a prima facie case of discrimination was not established in the instant case. Although the state used all of its exercised peremptory challenges to excuse black persons from the jury, as was the case in Collier, the ultimate makeup of the respective juries was significantly different. In Collier, although two blacks served on the jury, the Louisiana Supreme Court was careful to note that only ten jurors were needed to concur to obtain a conviction. Assuming, as might a prosecutor seeking to discriminate, that jurors would vote as a racial block, a conviction could be obtained solely through the votes of the ten white jurors.
The instant case differs from Collier in that the jury was comprised of eight white and four black jurors, but again ten jurors were needed for a conviction. The number of accepted black jurors would necessarily impact the verdict of the jury by precluding a verdict reached solely by the white block of a jury. Under such circumstances and especially where, as here, the state had peremptory challenges available to excuse the black jurors, the jurisprudence has consistently held that a prima facie case of discrimination has not been shown. See State v. Thompson, supra; State v. Jones, 588 So.2d 805 (La.App. 2d Cir.1991); State v. McDowell, 582 So.2d 364 (La.App. 2d Cir.1991), writ denied, 586 So.2d 567 (La. 1991); State v. Stewart, 530 So.2d 1263 (La.App. 2d Cir.1988). This assignment of error is without merit.

DEFENSE TABLE SEATING
By his next two assignments of error, the defendant argues that the trial court erred in denying defendant's motions regarding the seating at defense table during trial. Specifically, defendant sought to have a friend seated at the defense table or, alternatively, that the trial court allow the defendant to sit in the spectator section of the courtroom. Defendant alleged that the purpose behind such motions was to ensure that the state's witnesses could accurately identify the defendant (and not merely the person seated at defense table) as the perpetrator of the crimes.
Just as a state may not resort to impermissibly suggestive procedures for *1381 in-court identification of a defendant during trial, neither may defense counsel avail himself of procedures designed to unduly confuse or handicap a state witness called upon to identify the accused. Accordingly, a trial court is not obligated to allow a defendant to sit in the spectator section of the courtroom rather than at the defense table with counsel. Neither is the trial court obligated to seat other persons alongside the defendant. State v. Riley, 261 La. 782, 260 So.2d 914 (1972); State v. Morris, 259 La. 1001, 254 So.2d 444 (1971), cert. denied, 406 U.S. 959, 92 S.Ct. 2066, 32 L.Ed.2d 346 (1972).
In the absence of any unnecessarily suggestive procedure used by the state for the identification of the defendant, together with defense counsel's unfettered opportunity to cross-examine the state witnesses regarding the accuracy of their identification of defendant, we find no abuse of the trial court's broad discretion in the conduct of trial. LSA-C.Cr.P. Art. 17. These assignments of error are without merit.

EVIDENCE
By this assignment of error, the defendant argues that the trial court erroneously admitted into evidence, without a proper foundation, Exhibit S-1, the crack cocaine purportedly sold by the defendant to the undercover narcotics officers. The officers testified that, after making the purchases, each wrapped their respective rocks of crack cocaine in a piece of paper on which was written the date, time and location of the purchase and the seller's name. The paper containing cocaine was then placed in each officer's pocket until the undercover operation was concluded later that evening. As each officer made several narcotics purchases on the night of defendant's crime and correspondingly placed other individually wrapped rocks of cocaine in their pockets, defendant now argues that it could not be established that the rocks of cocaine did not become commingled. Defendant thus alleges that an insufficient foundation was laid to establish S-1 as the cocaine actually purchased from the defendant.
In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is connected with the case. State v. Sam, 412 So.2d 1082 (La.1982); State v. Anderson, 554 So.2d 133 (La.App. 2d Cir.1989). Lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Sam, supra; State v. Volentine, 565 So.2d 511 (La.App. 2d Cir.1990). Ultimately, connexity is a factual matter for determination by the trier of fact. State v. Robertson, 421 So.2d 843 (La.1982); State v. Volentine, supra.
The testimony of the law enforcement officials clearly established a proper foundation for the introduction of the cocaine. Officers Skinner and Wilson were certain that their method of securing and labeling the cocaine was sufficient to ensure that the cocaine presented at trial was the same as had been purchased from the defendant. The defendant's argument to the contrary merely affects the weight of the evidence and not its admissibility. This assignment of error is without merit.

JURY INSTRUCTIONS
By the next two assignments of error, defendant argues that the trial court erred in additional instructions given to the jury at its request after deliberations had begun. Defendant claims that the jury was erroneously instructed regarding reasonable doubt and the trial court further erred in refusing to instruct the jury on the penalties for the responsive verdicts. The defendant failed to contemporaneously object to the allegedly erroneous instructions and has thus failed to preserve for review any alleged error. LSA-C.Cr.P. Arts. 801, 841; State v. Ruple, 437 So.2d 873 (La. App. 2d Cir.1983).

SUFFICIENCY OF EVIDENCE
By this assignment of error, the defendant argues that there was insufficient evidence to support the convictions. Specifically, defendant claims there was insufficient evidence to identify him as the *1382 person who distributed the cocaine and that the state further failed to prove that the cocaine introduced into evidence at trial was that actually purchased from the defendant.
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). Where the key issue is not whether the crime has been committed, but whether the defendant was the person who committed it, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Smith, 430 So.2d 31 (La.1983); State v. Long, 408 So.2d 1221 (La.1982).
Both Officer Wilson and Officer Skinner testified that they purchased cocaine from a man identified as "Hamp." Contrary to defendant's assertions, both of the officers clearly identified the defendant as Hamp, the man from whom they bought the cocaine. Clearly, the evidence of defendant's guilt was dependent upon the credibility of the two officers. It is the function of the jury and not that of an appellate court to assess the credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La. 1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Holland, 544 So.2d 461 (La.App. 2d Cir. 1989), writ denied, 567 So.2d 93 (La.1990). Where the trier of fact has made a rational credibility determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Holland, supra. As noted previously, the issue of whether the cocaine introduced at trial was the cocaine actually distributed by defendant is likewise a factual determination for the trier of fact. A review of the record reveals no basis for upsetting the jury's decision. This assignment of error is without merit.

EXCESSIVE SENTENCE
By the remaining assignment of error, the defendant argues that his consecutive sentences of ten years at hard labor without benefit of parole, probation, or suspension of sentence are excessive.
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La. 1983). A judgment directing that sentences arising from a single course of conduct be served consecutively requires particular justification. State v. Thompson, 543 So.2d 1077 (La.App. 2d Cir.1989), writ denied, 551 So.2d 1335 (La.1989); State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir. 1987).
At the sentencing hearing, the trial court established that defendant was 38 years of age. Further, the trial court stated that it had "reviewed the matter" and found that any lesser sentence would deprecate the seriousness of the offense. The trial court, without further justification, imposed the ten-year sentences and ordered that they be served consecutively.
We conclude that this articulation is inadequate to support the sentences imposed. We are therefore unable to determine from the record whether the consecutive ten-year hard labor sentences constitute an excessive sentence.[4] We must therefore *1383 remand the case for further articulation of the reasons for the sentence imposed. State v. Saunders, 393 So.2d 1278 (La. 1981); State v. Williams, 567 So.2d 735 (La.App. 2d Cir.1990).
At resentencing, the trial court should consider and more fully explain the defendant's personal history (age, family ties, marital status, health, employment record), his prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation.[5]State v. Jones, 398 So.2d 1049 (La. 1981); State v. Mims, 550 So.2d 760 (La. App. 2d Cir.1989).
Additionally, we note that the facts of the instant case reveal that, although two distinct acts of distribution occurred, the distributions appear to have occurred almost simultaneously. The crimes were therefore part of a single course of conduct requiring particular justification for consecutive sentences. State v. Thompson, supra; State v. Lighten, supra. At resentencing, should consecutive sentences again be considered, the trial court is reminded that particular justification is required.
Finally, the sentences imposed on the defendant at his initial sentencing were ordered to be served without benefit of parole, probation, or suspension of sentence. LSA-R.S. 40:967 B(1) contains the penalty for a distribution of cocaine conviction. That section of the statute does not provide that sentence may be imposed without benefit of parole, probation, or suspension of sentence. The trial court was therefore in error in sentencing defendant with these prohibitions, which should not be imposed upon defendant at resentencing.

CONCLUSION
The defendant's convictions are affirmed. His sentences are vacated and the case is remanded to the trial court for resentencing.
CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED.
NORRIS, J., concurs with written reasons.
NORRIS, J., concurs.
I do not fully agree with the treatment of assignment of error no. 2, the Batson claim.
NOTES
[1] A tenth assignment of error was not briefed and will therefore be deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4.
[2] The better procedure would have been for the trial court to have the state present its reasons for excluding prospective jurors, even where, as here, the trial court rules that defendant has not made out a prima facie case of discrimination. Such a practice ensures a complete record as a precaution against a different appellate determination on the issue of a prima facie case of discrimination. State v. Collier, 553 So.2d 815, 819, n. 5 (La.1989); State v. Tucker, 591 So.2d 1208 at 1216 n. 2 (La.App. 2d Cir.1991).
[3] While the record does not reflect the race of the prospective jurors challenged by the defendant, we assume that none were black.
[4] We would note that, in light of the small amount of cocaine involved, and in the absence of any aggravating circumstances not apparent from this record, the composite 20-year hard labor sentence appears excessive. See State v. Miller, 587 So.2d 125 (La.App. 2d Cir.1991); State v. Smith, 576 So.2d 105 (La.App. 2d Cir.1991); State v. Cathey, 569 So.2d 627 (La.App. 2d Cir.1990); State v. Powers, 569 So.2d 624 (La.App. 2d Cir.1990).
[5] The trial court may wish to order a presentence investigation report on the defendant. Although we recognize that such a report is not required by law, it is a helpful tool in imposing sentence, particularly where, as in the instant case, the law provides for a wide range of sentences for the crime in question. LSA-C.Cr.P. Art. 875; State v. Ray, 423 So.2d 1116 (La.1982); State v. Williams, supra.